IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL CAREY ELIX, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. CIV-24-00030-JD |
| TIMOTHY VANN, individual and official capacities, Sheriff Investigator; WAYNE MCKINNEY, individual and official capacities, Stephens County Sheriff; and STEPHENS COUNTY SFDP, | ) |
|           Defendants. | ) |

**ORDER**

Before the Court is a Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Shon T. Erwin on March 27, 2024, recommending that the Court dismiss Plaintiff's complaint [Doc. No. 1] brought under 42 U.S.C. § 1983. Upon screening under 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B), Judge Erwin recommends dismissal of Plaintiff's complaint.

Specifically, Judge Erwin recommends that the Court dismiss Counts 1 and 2 because the complaint does not state plausible claims for relief under the appropriate legal standards. [Doc. No. 11 at 6–7]. Regarding Count 3, Judge Erwin recommends dismissal because the Stephens County Sheriff's Office is not a legal entity capable of being sued. *Id.* at 5–6. Finally, regarding the Oklahoma state law claims, Judge Erwin recommends that the Court decline to exercise supplemental jurisdiction over these claims based on the dismissal of the federal claims, resulting in their dismissal. *Id.* at 7;

*see also Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) ("If the federal claim is dismissed before trial, . . . the state law claim will generally be dismissed as well.").

Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation by April 15, 2024. [Doc. No. 11 at 7]. He also warned Plaintiff that failure to timely object would waive appellate review of the factual and legal findings and recommendations contained in the Report and Recommendation. *Id.* at 7–8.

Plaintiff timely filed an objection on April 9, 2024. [Doc. No. 14].[1] The Court will therefore conduct an appropriate de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination *of those portions of the report or specified proposed findings or recommendations to which objection is made*.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo *any part of the magistrate judge's disposition that has been properly objected to*.") (emphasis added).[2]

Under these standards, and upon its review, the Court accepts the Report and

---

[1] On April 12, 2024, Plaintiff filed a motion to correct clerical error [Doc. No. 15], requesting that the Court accept revised legal citations outlined in the motion to the previously filed objection. Because this motion was filed before the deadline to file an objection, and is thus timely, the Court grants the request and notes the correction to the legal citations as reflected in [Doc. No. 15 at 1]. The Court therefore considers the objection [Doc. No. 14] with the benefit of [Doc. No. 15 at 1].

[2] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (recognizing that "a party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court or for appellate review") (emphasis added); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (failure to object to report and recommendation risks "firm waiver" of appellate review).

Recommendation [Doc. No. 11] and dismisses this action without prejudice.[3] Based on the Court's dismissal of this action, Plaintiff's Motion to Discharge/Setoff [Doc. No. 13] is denied as moot. A separate judgment will follow.

IT IS SO ORDERED this 22nd day of July 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] On page one of his lengthy objection, Plaintiff vaguely asks the Court to add new federal rights which Plaintiff believes were violated. *See* [Doc. No. 14 at 1] ("Plaintiff would also request Court add new federal rights in which Plaintiff believes his constitutional rights were violated along with the violations Plaintiff believes Defendants violated."). It is not clear what Plaintiff is asking the Court to do in his objection, and Plaintiff is not specific, and the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that while pro se pleadings are construed liberally, "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant"); *cf.* Fed. R. Civ. P. 7(b)(1); LCvR15.1. The Court concludes, based on its thorough review of the record and liberally construing Plaintiff's filings, that no specific objection to the Report and Recommendation has been raised, and that the Report and Recommendation should be accepted and adopted in full.